SMITH, *ex dem.* ROOSEVELT and others, *against* VAN DURSEN.

THIS was an action of ejectment, for part of lot No. 60, in the town of *Mentz*, in *Cayuga* county. The parties agreed upon a case, containing the following facts, for the opinion of the court.

*Peter Elsworth*, an officer in the *New-York* line during the revolutionary war, and as such, entitled to bounty land, made and published his last will and testament, dated *May* 2d, 1781, by which he devised all his real and personal estate, whatsoever, or wheresoever, to his father *William Elsworth*, whom he authorized and directed to sell his real estate, and appointed him his sole executor. *P. Elsworth* died in the same year, without lawful issue, leaving his father *W. Elsworth*, and a brother *Theophilus Elsworth*. Letters patent bearing date the 7th of *July*, 1790, were afterwards issued to *Peter Elsworth*, for a military lot, which by deed bearing date the 11th of *October*, 1794, *W. Elsworth* conveyed to *Christopher Tappen*, in fee, who by deed of the 3d of *October*, 1794, conveyed the same to *Cornelius C. Roosevelt*. *Roosevelt* died on the 10th of *February*, 1814, having devised the lot to *Eliza Evertson* and *Sarah Roosevelt*, two of the plaintiff's lessors, his heirs at law. *William Elsworth*, the father of the patentee, died in *October*, 1799, and after his death, in 1811, *Theophilus Elsworth*, the brother, entered into possession of the lot, his being the first actual possession, and died in possession, except of 200 acres, the premises in question, having in *May*, 1806, conveyed them to *Yeomans*, who in 1814 conveyed the same to *Comb*, who by deed bearing date the 28th of *August*, 1815, conveyed the same to the defendant. The defendant entered into possession, and continued in possession until after the bringing of this suit.

*Griffin*, for the plaintiff, contended, that the lands claimed, upon the death of *Peter Elsworth*, vested in his father, either

Where an officer in the *New-York* line, during the revolutionary war, died in 1781, having devised all his real and personal estate to his father, and in 1790 a patent was issued to the testator for a military lot, and after the death of the father, the only brother of the testator, in 1811, entered upon the lot, and in 1814 conveyed part of it to A. under whom the defendant claimed, it was held, that the title to the lot was vested in the testator at the time of his death, and that he might devise it; that his father was entitled to it both as the devisee, and as the heir of his son, and having conveyed it in 1794, the lessors of the plaintiff, who claimed under that conveyance, were entitled to recover it in an action of ejectment against the defendant, claiming under the conveyance from the testator's brother.

A devise of land held adversely to the devisor is void; but it descends to his heir.

as devisee, or heir at law : He cited *Powell on Devises*, 236.
1 *N. R. L.* 313. sess. 36. ch. 80. s. 7. sess. 26. ch. 83. s. 8.
*Webster's Ed.* vol. 3. 399.   *Jackson* v. *Phelps*, 3 *Caines*, 62.
*Jackson* v. *Winslow*, 2 *Johns. Rep.* 80.

*Sudam*, contra, insisted, that the lots in question did not
pass by the will of *P. E.* in 1781, as his right to the land
rested on the resolutions only of the legislature.   The act
of 1790 refers only to cases of soldiers dying since 1783;
and the act of 1783 gives the *seisin* at the time of the death.
But to render the will valid, there must have been a seisin
at the time of the devise.

Again ; the act of 1790 does not affect this case, because
*P. E.* died before 1783, and the act of 1803 does not affect
the title of his brother *Theophilus*, because his father died
in 1799.

*T. E.* took the land on the death of *P. E.* as heir to his
deceased brother.   There were no intermediate heirs, and
the act of 1803 has no effect on the case, as the father died
in 1799.   *T. E.* has always been the heir at law of the de-
ceased soldier.   Why then refer the seisin back in order to
change the descent ?  This case is different from any that
has yet been presented to this court, relative to the rights
of deceased soldiers.   The case of *Jackson, ex dem. Austin
and others,* v. *Howe,* (14 *Johns. Rep.* 405.) is the only one
that has any bearing on the present case.   All the other
cases are very distinguishable from it.   The court will al-
ways favour the heir at law, and there was no period of time
from the death of the soldier, that his brother *T. E.* was not
his heir.

SPENCER, J. delivered the opinion of the court.   It is
scarcely necessary after so many decisions upon the points
arising in this case, to do more than briefly state the facts,
and refer to the cases decided.

*Peter Elsworth*, the patentee of the lot, of which the pre-
mises in question are a part, was an officer in the revolu-
tionary war, in the line of this state, and as such entitled to
a grant of bounty lands ; the patent to him was a fulfilment,
on the part of the state, of the engagement to give the lands.

He died in *May*, 1781, and by his will duly executed, he de-
vised to his father, *William Elsworth*, all his real and per-
sonal estate whatsoever, and wheresoever, and constituted
his father executor. The will authorized the executor to
sell and convey the real estate. The plaintiff's title is derived
under a sale by the executor, and no objection is made to
the plaintiff's title, if *William Elsworth* became seised of
the lot, either under the will, or as heir to the patentee.

*Peter Elsworth* died without issue, leaving his father and
a brother *Theophilus ;* the defendant has deduced a regular
title under him, if he was seised as heir of the patentee.

In the case of *Jackson* v. *Howe*, (14 *Johns. Rep.* 406.)
*Jackson* v. *Phelps*, (3 *Caines*, 62.) and *Jackson* v. *Winslow*,
(2 *Johns. Rep.* 80.) this court decided, that by the act of the
5th of *April*, 1803, the titles to the military bounty lots were
vested in the officers and soldiers, at the time of their respec-.
tive deaths, without reference to the period of issuing the let-
ters patent.

It follows, then, that *Peter Elsworth* was seised of the lot
when he died, and might devise it. But the act regulating
descents, adopted by the act of the 5th of *April*, 1803, in
reference to their lands, would also vest the lot in *William*
*Elsworth*, as heir to his son, the patentee, for the lot was not
held by *bona fide* purchasers or devisees under *Theophilus*,
on the 5th of *April*, 1803.

The lessors of the plaintiff, *Eliza Evertson* and *Sarah*
*Roosevelt*, are the devisees, and also the heirs at law of *Cor-*
*nelius C. Roosevelt*. The adverse possession at the time of
his devising, though it invalidates the devise, does not pre-
vent the descent.

Judgment for the plaintiff.